UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-425-FDW

| DEMARIS L. GRICE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| FRANK L. PERRY, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment as to each of the claims raised by Petitioner in his pro se petition for a writ habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion for summary judgment will be granted, and Petitioner's Section 2254 petition will be denied and dismissed.

## I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina following his conviction in Mecklenburg County Superior Court on the following charges: (1) robbery with a firearm; (2) assault with a deadly weapon inflicting serious injury; (3) attempted larceny of a motor vehicle; (4) first-degree kidnapping; (5) impersonating a law enforcement officer; and (6) possession of a firearm by a felon. On March 30, 2012, Petitioner was sentenced to a term of 18-years and 7-months. On appeal, the North Carolina Court of Appeals summarized the trial evidence as follows:

> On the morning of 20 June 2010, Leon Attaway was at his
> girlfriend's home on Honeywood Avenue in Charlotte, North

1

Carolina. Jackie Holmes, the owner of a nearby residence, was on his property that morning making some repairs to the exterior of his property. Mr. Holmes observed a black male, who was holding a small briefcase in his hand and wearing a gun on his hip, knock on the front door of the residence where Mr. Attaway was staying.

When Mr. Attaway answered the door, he found defendant wearing a badge and a gun on his hip. Mr. Attaway assumed that defendant was a plain-clothed police detective who had come to discuss a recent break-in at his girlfriend's residence, and he allowed defendant into the residence.

Once inside, defendant showed Mr. Attaway a set of mug shots allegedly related to the earlier break-in. Mr. Attaway did not recognize any of the people in the photographs, suggested that defendant speak with Mr. Attaway's girlfriend, and left the room to retrieve his girlfriend's phone number. When Mr. Attaway returned, defendant grabbed Mr. Attaway's arm and ordered him to get onto his knees. Mr. Attaway complied, and defendant then struck Mr. Attaway in the head with his gun. Mr. Attaway attempted to take the gun from defendant, the two men struggled, and the gun discharged. During the altercation, defendant tried to choke Mr. Attaway and Mr. Attaway was able to bite defendant's finger. Defendant then used a piece of glass from a broken vase to cut off one of Mr. Attaway's eyelids, and to cut his cheek, gums, and scalp.

When Mr. Attaway was unable to continue his resistance, defendant retrieved zip ties from his brief case, bound Mr. Attaway's hands together, and placed him in the bathtub. Defendant closed the drain in the tub, turned on the water, and left Mr. Attaway in the tub. Mr. Attaway passed out, but he regained consciousness and managed to get out of the bath tub before collapsing in the living room.

Approximately ten minutes after Mr. Attaway let defendant into the house, Mr. Holmes heard a gunshot from inside the house and what sounded like a fight. Mr. Holmes saw someone peek through the window blinds and then saw defendant leave the house by the back door wearing different clothing and a towel over his head and struggling to carry two bags which appeared to be full.

A Cadillac used by Mr. Attaway was parked in the driveway;

the car was owned by Latisha Ellis, who is the mother of Mr. Attaway's daughter. Defendant, carrying the two bags, walked briskly to the car, got in the car, and started the engine. The engine revved, but the car did not move; it had a faulty transmission. Defendant exited the car, left the engine running, and walked away from the house along the street. Mr. Holmes asked one of his employees who was working on his property to call 911.

As defendant walked away from the house, he came across Daniel Alcala in a nearby driveway with his truck. Bleeding from his head, defendant asked Mr. Alcala for a ride, and Mr. Alcala agreed to give him a ride. While in Mr. Alcala's truck, defendant borrowed Mr. Alcala's phone to call his sister but did not call the police or paramedics to assist Mr. Attaway. Mr. Alcala was not driving at a high rate of speed, and defendant asked him to drive faster. Mr. Alcala then passed Officer Reginald Boyce of the Charlotte-Mecklenburg Police Department who was in his patrol car. Having heard the police radio dispatcher describe Mr. Alcala's truck, Officer Boyce followed Mr. Alcala. When the officer activated his blue lights, defendant told Mr. Alcala, "Don't stop." However, Mr. Alcala stopped the truck. Defendant then asked Mr. Alcala to put defendant's bags in the back of the truck, but he refused to do so.

Officer Boyce called for back-up officers and then removed Mr. Alcala and defendant from the truck. Defendant informed Officer Boyce that there was a gun underneath his passenger seat. During the stop, the police searched defendant's bags and found cash, marijuana, a security badge, a handgun holster, video games, cell phones, and jewelry. Some of the items matched the description of items Mr. Attaway testified defendant stole from his girlfriend's home. The police also found a small briefcase containing what appeared to be a bloody piece of decorative glass, a zip tie, and piece of paper with headshots on it, and some paper work with defendant's name on it. The police also responded to the residence where Mr. Attaway was staying and called for paramedics.

State v. Grice, 749 S.E.2d 111 (Table), 2013 WL 3991806 (N.C. App. Aug. 6, 2013) (unpublished), disc. review denied, 749 S.E.2d 851 (N.C. 2013).

Petitioner's appellate counsel raised three issues on appeal which all pertained to alleged trial court error. First, Petitioner argued that the trial court erred in allowing the State to amend the indictment to reflect the correct name of the alleged victim of attempted larceny. Second, Petitioner alleged the trial court erred in instructing the jury on Petitioner's flight from the scene of the assault. Finally, Petitioner contended that the trial court erred in sustaining the State's objection to Petitioner's question to a testifying officer about an out-of-court statement made by a witness. The court of appeals rejected each of these arguments and affirmed his judgment in all respects.

After the Supreme Court of North Carolina denied his petition for discretionary review, Petitioner filed a pro se motion for appropriate relief (MAR) in the Mecklenburg County Superior Court, focusing in particular on the legality of his conviction for being a felon in possession of a firearm. (3:14-cv-425, Doc. No. 5-9: MAR). On May 28, 2014, the superior court denied Petitioner's MAR in its entirety. (Id., Doc. No. 1 at 15: MAR Order).

Petitioner's § 2254 habeas petition was docketed in this Court on August 4, 2014, and Respondent has filed an answer and moved for summary judgment. Petitioner has filed a response to the motion for summary judgment and a motion to hold this case in abeyance pending the resolution of a petition for discretionary review which he contends he filed with the Supreme Court of North Carolina. These matters are ready for disposition and will be addressed herein.

## II. STANDARD OF REVIEW

A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate where there is no genuine dispute as to any material

fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

      B.    Section 2254

When a prisoner files an application for a writ of habeas corpus, a federal court shall not be granted the petition if any claims presented have already been adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ." Young v. Catoe, 205 F.3d 750, 755 n.2 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court's adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v.

5

Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)) (citations and internal quotation marks omitted).

### III. DISCUSSION

Petitioner raises four claims for relief in his habeas petition: (1) his conviction for being a felon-in-possession of a firearm is in violation of his right to due process under the Fourteenth Amendment based on the fact that his predicate felony conviction occurred more than ten years before he committed the instant offenses, and because he was not on probation, parole or supervised release at the time he committed the instant offenses; (2) Fifth, Sixth, and Fourteenth Amendment violations based on consecutive sentences for offenses that were part of the same course of conduct; (3) Sixth and Fourteenth Amendment violations because he was denied the right to present a defense to the felon-in-possession of a firearm charge; and (4) ineffective assistance of appellate counsel in (a) failing to argue that the felon-in-possession of a firearm charge was not supported by a proper, predicate felony because it was more than 10-years old, and (b) in failing to challenge his consecutive sentences.

A. Claim 1

A Gaston County grand jury indicted Petitioner with the offense of being a felon-in-

possession of a firearm based on the fact that he possessed a gun at the time he committed the offenses on June 20, 2010, and that he had a previous felony conviction for possession of cocaine which was sustained in Mecklenburg County in 1993. (3:14-cv-425, Doc. No. 5-4 at 16: Indictment). Petitioner does not dispute the fact that he had a prior felony conviction, rather he contends that the prior cocaine conviction cannot serve as a predicate felony to support his felon-in-possession conviction because it was sustained more than ten years before he committed the 2010 offenses, and at the time he possessed the firearm he was no longer on probation, parole or supervised release. (Id., Doc. No. 1 at 5). This argument is without merit.

Petitioner was charged with being a felon-in-possession of a firearm based on his 1993 felony conviction for possession of cocaine. Petitioner was indicted on the 2010 offenses on July 12, 2010. The law in place at the time Petitioner committed the 2010 offenses provided that in order to be convicted of being a felon-in-possession of a firearm, the person must have been convicted of a felony "before, on, or after December 1, 1995." N.C. Gen. Stat. § 14-415.1 (2009). Accordingly, because Petitioner sustained his felony conviction in 1993, it clearly qualifies as a predicate, felony conviction, and this argument will be denied.

B.   Claim 2

Next, Petitioner contends that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court chose to run his sentence for robbery with a dangerous weapon consecutively to his conviction for being a felon-in-possession of a firearm. Petitioner argues the consecutive sentences are unconstitutional because he committed each of those offenses during the same course of conduct. (3:14-cv-425, Doc. No. 1 at 6-7). This argument is also without merit.

7

Petitioner cites no controlling authority from the Supreme Court of the United States to support his position which is understandable because there is none to support his claim based on the present facts. Petitioner's argument here is that the consecutive sentence punishes him in violation of his Sixth Amendment right to be free from double jeopardy. This argument has been rejected time and again by the Supreme Court.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb. . ." U.S. Const. amend. V. As far back as 1932, the Supreme Court has held that in order for two convictions and resulting sentences to violate the Double Jeopardy Clause the convictions and sentences must involve crimes that have the same elements. Put another way, "[e]ach of the offenses created requires proof of a different element." Blockburger v. United States, 284 U.S. 299, 304 (1932). There is but no question that the offenses of armed robbery and possession of a firearm by a felon require proof of different elements. Accordingly, Petitioner's consecutive sentence did not violate his constitutional rights and this argument will be overruled.

C.   Claim 3

Petitioner claims that he should have been able to contest the felon-in-possession charge. Presumably, Petitioner wanted to present the argument that the prior felony conviction for possession of cocaine was too remote in time to qualify as a predicate conviction; a claim already rejected as being without merit in the state proceedings and in this habeas proceeding. In the event that Petitioner contends that he would have chosen to challenge this felon-in-possession charge at trial, this contention appears belied by the record.

At the outset of his trial, Petitioner appeared with counsel before the superior court and

counsel informed the court that Petitioner would likely stipulate that he had possessed a firearm on June 20, 2010, and that he had a qualifying felony conviction to support the felon-in-possession charge. The trial court addressed Petitioner and engaged him in a measured dialogue to assess whether he understood the impact of pleading guilty to the charge. The court informed Petitioner that he had the right to plead not guilty and to have the question of his guilt decided by a jury. In short, the court explained that defense attorneys often employ this strategy because to plead not guilty to an offense to which you may obviously be guilty could poison the minds of the jury as to a defendant's guilt on the remaining charges under their consideration. The court further explained that his attorney could not stipulate to his guilt, absent Petitioner's express consent. Following this colloquy, Petitioner informed the court that he agreed with his attorney's strategy and he would admit that he was guilty of being a felon-in-possession of a firearm. (3:14-cv-425, Doc. No. 5-9 at 9-13) (Partial transcript *attached to* MAR; Doc. No. 5-14: Tr. Transcript at 20-22). For the reasons stated, Petitioner's third claim for relief will be denied.

    D.    <u>Claim 4</u>

In his final claim, Petitioner argues that he received ineffective assistance of appellate counsel because his counsel did not argue that his 1993 felony cocaine conviction was an invalid conviction to serve as the predicate conviction for his felon-in-possession charge, and that he failed to challenge his consecutive sentences for armed robbery and possession of a firearm by a convicted felon. (<u>Id.</u>, Doc. No. 1 at 10).

The test for whether appellate counsel provides ineffective assistance of counsel is the same as it is for trial counsel. <u>See</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 164 (2000). As the Court has already found, the arguments that Petitioner insists his appellate counsel should have pursued on

appeal are meritless thus his counsel would have acted reasonably in declining to present such claims. See, e.g., Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993) (presumption that appellate counsel will present strongest arguments); Jones v. Barnes, 463 U.S. 745, 752 (1983) ("[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review."). As Petitioner's arguments are without merit, his claim for relief here must fail.

E.   Motion to Hold in Abeyance

In his § 2254 petition, Petitioner claims that he filed a petition for discretionary review with the Supreme Court of North Carolina. (3:14-cv-425, Doc. No. 1 at 4). Respondent has filed an opposition to the motion to stay and maintains, among other things, that Petitioner's claims for relief are meritless. The Court finds that Petitioner's motion should be denied.

First, it appears that Petitioner stipulated before the jury during his state trial that he was in fact a convicted felon and that he possessed a firearm during the commission of the 2010 offenses. The Court finds that he should therefore bound by this admission. Second, the issues that Petitioner appears to present in his petition for discretionary review are the same claims that have been rejected in state post-conviction proceedings and in this federal habeas proceeding. (Doc. No. 10-2 at 3). Third, Petitioner claims that he sent his petition for discretionary review to the Supreme Court of North Carolina on June 10, 2014. (Doc. No. 1 at 4). On August 19, 2014, the Supreme Court entered an order denying the petition for discretionary review which the Court found had been filed on June 9, 2014, based presumably on Petitioner's date of signature. See State v. Grice, 762 S.E.2d 219 (N.C. Aug. 19, 2014). Thus, the motion for abeyance would appear to be moot.

For the foregoing reasons, the Court finds that Petitioner has failed to present any meritorious claims for relief and Respondent's motion for summary judgment will be granted.

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's motion to hold this case in abeyance is **DENIED**. (Doc. No. 7).

2. Respondent's motion for leave to file excess pages is **GRANTED**. (Doc. No. 9).

3. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 4).

4. Petitioner's § 2254 petition is **DENIED** and **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to terminate this civil case.

**IT IS SO ORDERED.**

Signed: November 26, 2014

Frank D. Whitney
Chief United States District Judge